UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERRY MOBLEY, JR., | : | CIVIL NO: 1:13-CV-00772 |
| Plaintiff | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| C.O. SNYDER, *et al.,* | : | |
| Defendants | : | |
| | : | |

## REPORT AND RECOMMENDATION

The amended complaint identified ten individuals by name as defendants and named four John/Jane Doe defendants. On January 21, 2014, the plaintiff, Gerry Mobley, Jr., and the named defendants filed a consent form indicating their consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c). *See Doc. 55.* Of course, the John/Jane Doe defendants, who at that time had not been served and who were not represented by counsel, did not join in that consent form. Mobley later identified two of the John Doe defendants—John Doe #1 and John Doe #2—as Corrections Officer Means and Corrections Officer Weakland. Defendants Means and Weakland have since waived service, and they have consented to proceed before a magistrate judge in accordance with 28 U.S.C. §636(c). *See Docs. 77 & 89.*

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign county under Rule 4(f) or 4(j)(1).

By an Order dated April 23, 2014, we ordered Mobley to show cause, on or before May 14, 2014, why the claims against the John/Jane Does should not be dismissed pursuant to Fed.R.Civ.P. 4(m), and we noted that if Mobley did not show cause, we would recommend that the claims against the Doe defendants be dismissed.  More than 11 months have passed since Mobley filed his amended complaint, and Mobley still has not identified John/Jane Doe #3 or John/Jane Doe #4 such that service can be made on those defendants.  And Mobley has not shown cause why John/Jane Doe #3 and John/Jane Doe #4 should not be dismissed.  Accordingly, we will recommend that those defendants be dismissed.

Based on the foregoing, it is recommended that John/Jane Doe #3 and John/Jane Doe #4 be dismissed from the case.  If the Court dismisses John/Jane Doe #3 and John/Jane Doe #4, it is further recommended that the Court refer the matter to the undersigned to conduct all further proceedings given that all of the remaining defendants have consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c).

The Parties are further placed on notice that pursuant to Local Rule 72.3:

      Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of July, 2014.

                                                      **_S/Susan E. Schwab_**
                                                      Susan E. Schwab
                                                      United States Magistrate Judge